WATERTOWN NATIONAL BANK v. HOLABIRD SCHOOL TOWN-
SHIP.

When an appeal in this court has been dismissed upon a stipulation signed
by attorneys for respondent, and by the official board of appellant, and
one of the record attorneys for appellant, such order of dismissal will
not be vacated, and the appeal reinstated, upon motion of the other at-
torneys of appellant, upon affidavits tending to show that between ap-
pellants and its attorneys there was a special contract, by which such
attorneys should defend, and that their compensation should depend
upon the success of the defense, and that such dismissal of the appeal
was without their consent; for discontinuance of the appeal by the ap-
pellant, against the consent of such attorneys, could not defeat their
rights under the contract, nor materially change the manner of their
enforcement, and therefore does not prejudice such attorneys.

(Syllabus by the court.    Opinion filed June 25, 1891.)

Appeal from district court, Hyde county.   Hon. JAMES
SPENCER, Judge.

Order issued out of this court for respondent to show cause
why an appeal should not be reinstated and a former order
dismissing the appeal vacated.   Upon the return of the order
the court refuses to reinstate the appeal.

No briefs filed.

*D. A. W. Perkins, Kirke W. Wheeler* and *Titus E. Price,* for
appellant.

*L. E. Whitcher* and *W. S. Glass,* for respondent.

KELLAM, J. P    This was an appeal from a judgment ren-
dered by the late district court of Hyde county.  The notice of ap-
peal was signed by "D. A. W. Perkins, T. E. Price, and Kirke
W. Wheeler, attorneys for defendant."   On the 5th day of May,
1891, there was presented, in open court, a written stipulation
dismissing such appeal, signed by L. E. Whitcher, attorney of
record for plaintiff and respondent, and by the official board of
said defendant and appellant, and by D. A. W. Perkins, one of
said appellant's attorneys.   Upon the filing of such stipulation
an order was entered dismissing said appeal.   Afterwards, on
affidavits, an order was made requiring respondent to show
cause why said order of dismissal should not be vacated and

said appeal reinstated. On the return and hearing of said order to show cause, affidavits were read which tended to show that, upon the institution of the action in the court below, the defendant township had by special contract employed said Perkins and the law firm of Price & Price, of which said T. E. Price was the successor, to defend the same, by the terms of which contract their compensation was to depend upon the final success of their defense; that said Kirke W. Wheeler was afterwards employed either by, or with the knowledge and consent of said township; and that such agreement and stipulation to dismiss the appeal was without the consent, and in prejudice of the rights of, said attorneys. It is urged in support of the claim that the appeal should be reinstated; that, by its discontinuance and dismissal, it is placed beyond the power of appellant's attorneys to continue their defense, and their opportunity is thus lost to execute their agreement, and thus earn and become entitled to the contingent compensation agreed upon; but a complete answer to such claim is that the appellant township could not, by dismissal of the appeal, against the consent and protest of their attorneys, change such attorneys' relation to or rights under their contract. And the manner in which such attorneys must eventually enforce their rights against the township under such contract, if such exist, would not be changed by discontinuance of the appeal. In either case the claim would be an unsecured one, resting upon the personal responsibility of the township. It is not as though the attorneys were to have a lien upon, or to be paid from, a judgment to be obtained, for in that case a settlement might prejudice their opportunity of collecting, by destroying their chance of getting a judgment which was to constitute their security. We think we were right in recognizing the stipulation to dismiss the appeal signed by the appellant and one of its attorneys; and as such dismissal, unconsented to by the attorneys now moving for its reinstatement, could not affect the rights of such attorneys under the alleged contract, or deny or take away any security they would otherwise have had, for its enforcement, we overrule the motion to reinstate the appeal, without costs, except the fees of the clerk on this motion to be taxed against the appellant. All the judges concurring.